LEVIN PETTYJOHN, d. b. app'lt. *vs.* DANIEL HUDSON, p. b. resp't.

Assumpsit will lie against a constable for money had and received, though he be liable on his bond, and also under the act of 1833.

WRIT of error to the Superior Court in Sussex county. (See ante p. 178.) Heard before Johns, jr., Chancellor, Booth, Chief Justice, and Milligan and Hazzard, Associate Judges.

*By the Court:*

BOOTH, *Chief Justice.*—The grounds for reversing the judgment of the Superior Court, as contained in the assignment of errors, and relied on by the counsel of the defendant below, are in substance the three following :

1. That the action of assumpsit for money had and received, cannot be maintained against the defendant below, because the money claimed, was collected by him as a constable of Sussex county, under execution process at the suit of Hudson, the plaintiff below, against one John Lynch : that the only remedy of the plaintiff below was by an action of debt on Pettyjohn's official bond; or by proceeding under a supplement to the act for the recovery of small debts, 8th vol. 265.

2. That the execution against Lynch, was delivered to one Isaac Jefferson, a constable of Sussex county; that *he* deputed Pettyjohn to levy the execution and collect the money as the agent of Jefferson; that Pettyjohn, as such agent, was liable to Jefferson for the money received, and not to Hudson; and that the only remedy of the latter was against Jefferson, on his official bond as constable.

3. That the declaration exhibits no sufficient cause of action against Pettyjohn for the money collected under the said execution, and alledged to have been received by him, for the use of Hudson.

None of these grounds can be maintained. 1. The declaration is in assumpsit, and consists of seven counts, in each of which a sufficient cause of action is set forth. The first is a *special count,* alledging that the plaintiff below, Daniel Hudson, recovered a judgment before justice Tindall against John Lynch; upon which an execution was issued and delivered to Isaac Jefferson, a constable of Sussex county, who delivered it to Pettyjohn, then also a constable of the same county; that Pettyjohn collected the debt and costs; and, in consideration thereof, expressly promised the plaintiff, Hudson, to pay him the same, &c. There is also a count for money had and received, and a count upon an account stated.

The defendant pleaded, 1st. Non-assumpsit. 2d. Payment to the plaintiff. 3d. Payment to Isaac Jefferson. 4th. A set-off. 5th. The act of limitation. Upon each of these pleas issue was taken; and, upon the trial of the cause, the jury found a verdict for the plaintiff, Hudson. This court is therefore bound to presume, that there was sufficient evidence to sustain the plaintiff's cause of action as set forth in the several counts of his declaration.

The plaintiff below was not bound to sue the defendant in debt on his official bond for the neglect of his duty in not paying over the money collected by him as a constable. The plaintiff might have adopted that remedy, or the remedy prescribed by the act of assembly (8th vol. *Del. Laws* 265,) which gives a summary proceeding against constables for a neglect of duty. But as he did not choose to pursue either of those remedies, he had a right to resort to the action of assumpsit. This form of action is a proper remedy against a sheriff, deputy sheriff, or constable, upon his express promise to pay money collected by him under execution process; or upon the implied promise which the law raises in such case, and in every case where a person receives money which he is under a legal liability to pay to another.

2. There is nothing on the face of this record which shows that Pettyjohn received the amount of the execution as the agent of Jefferson; or that he was liable only to Jefferson; and not to Hudson.

3. The declaration, as already mentioned, exhibits a sufficient cause of action. But supposing, as is alledged by the defendant's counsel, which is by no means admitted, that there is error in the form of action, and that all the counts in the declaration, except the count for money had and received, and on an account stated, are insufficient, the errors are cured after verdict, by the act of assembly (vol. 8, 43,) passed to remedy defects in legal proceedings. By virtue of

that act, this court must presume, that the damages were assessed on the sufficient counts; because, it does not appear from the record, that they were assessed upon any insufficient count; or found for any matter not contained in the count for money had and received, and the count on an account stated.

As no error appears in the record, the judgment of the Superior Court must be affirmed.

*Houston* and *Layton*, for appellant.

*Cullen*, for respondent.